UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

| | | |
|---|---|---|
| R. ALEXANDER ACOSTA<br>Secretary of Labor,<br>United States Department of Labor, | )<br>)<br>)<br>) | FILE NO. |
| Plaintiff, | )<br>) | _____ |
| v. | )<br>) | |
| AP'S KANI, INC. d/b/a KANI HOUSE,<br>NP'S KANI, INC. d/b/a KANI HOUSE,<br>YP'S KANI, INC. d/b/a KANI HOUSE,<br>DP'S KANI, INC. d/b/a KANI HOUSE,<br>LP'S KANI, INC. d/b/a KANI HOUSE,<br>and JUNE C. PARK, an individual.<br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **C O M P L A I N T**<br>**(Injunctive Relief Sought)** |

Plaintiff R. Alexander Acosta, Secretary of Labor, United States Department of Labor ("Plaintiff") brings this action pursuant to § 17 of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq., hereinafter the Act, to have Defendants AP's Kani, Inc. dba Kani House, NP's Kani, Inc. dba Kani House, YP's Kani, Inc. dba Kani House, DP's Kani, Inc. dba Kani House, LP's Kani Inc. dba Kani House, and June C. Park an individual (hereinafter referred to collectively as "Defendants") enjoined from violating §§ 6, 7, and 11 (c) of the Act, 29 U.S.C. §§ 206, 207, and 211(c), and, pursuant to §16(c) of the Act, 29 U.S.C. § 216(c), to recover unpaid wages including overtime compensation, together with an equal amount as liquidated damages.

I

Jurisdiction hereof is conferred upon the Court by §§ § 16(c) and 17 of the Act, 29
29 U.S.C. §§ 216(c) and 217 and by 28 U.S.C. §§ 1331 and 1345.

II

A.      Defendant AP's Kani, Inc., dba Kani House at all times hereinafter
mentioned has been a corporation having a place of business and doing business in Woodstock,
Georgia, engaged in preparing and servicing Asian food.

B.      Defendant NP's Kani, Inc., dba Kani House at all times hereinafter
mentioned has been a corporation having a place of business and doing business in Cumming,
Georgia, engaged in preparing and servicing Asian food.

C.      Defendant YP's Kani, Inc., dba Kani House at all times hereinafter
mentioned has been a corporation having a place of business and doing business in Buford,
Georgia, engaged in preparing and servicing Asian food.

D.      Defendant DP's Kani, Inc., dba Kani House at all times hereinafter
mentioned has been a corporation having a place of business and doing business in Duluth,
Georgia, engaged in preparing and servicing Asian food.

E.      Defendant LP's Kani, Inc., dba Kani House at all times hereinafter
mentioned has been a corporation having a place of business and doing business in Dawsonville,
Georgia, engaged in preparing and servicing Asian food.

F.      Defendant June C. Park is the sole owner of LP's Kani, Inc., NP's Kani,
Inc.,  and YP's Kani, Inc. She also has 50 % ownership in AP's Kani, Inc. and 42.5% ownership
in DP's Kani, Inc. Defendant June C. Park, doing business in Dawsonville, Woodstock, Cumming,
Buford and Duluth, Georgia, at all times hereinafter mentioned acted directly or indirectly in the

2

interest of the aforesaid LP's Kani, Inc., NP's Kani, Inc., YP's Kani, Inc., AP's Kani, Inc., and DP's Kani, Inc. in relation to their employees, and therefore is an employer within the meaning of § 3(d) of the Act, 29 U.S.C. § 203 (d).

III

At all times hereinafter mentioned:

   A.  Defendants engaged in related activities, performed either through unified operation or common control for a common business purpose, that constitute an enterprise within the meaning of § 3(r) of the Act, 29 U.S.C. § 203 (r); and

   B.  Such enterprise, which employed employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce and having an annual gross volume of sales made or business done of not less than $500, 000 (exclusive of excise taxes at the retail level which are separately stated) constitutes an enterprise engaged in commerce or in the production of goods for commerce within the meaning of § 3(s)(1)(a) of the Act, 29 U.S.C. §§ 203(s)(l)(a)(i) and (ii).

IV

   Since January 1, 2015, Defendants repeatedly and willfully violated the provisions of §§ 6 and 15(a)(2) of the Act, 29 U.S.C. §§ 206 and 215(a)(2), by failing to pay employees, who are employed in an enterprise engaged in commerce or in the production of goods for commerce, the applicable minimum hourly rate.

V

   Since January 1, 2015, Defendants repeatedly and willfully violated the provisions of §§7 and 15(a)(2) of the Act, 29 U.S.C. §§ 207 and 215(a)(2), by employing employees who have been engaged in commerce or in the production of goods for commerce, for workweeks

longer than 40 hours without compensating such employees for their employment in excess of such hours at rates not less than one and one-half times the regular rates at which they were employed.

VI

Since January 1, 2015, Defendants, employers subject to the provisions of the Act, repeatedly and willfully violated the provisions of §§ 11(c) and 15(a)(5) of the Act, 29 U.S.C. §§ 211(c) and 215(a)(5), and Regulations found at 29 C.F.R. § 516 by failing to make, keep and preserve adequate and accurate records of the persons employed and of the wages, hours and other conditions and practices of employment maintained by Defendants, as prescribed in the aforesaid Regulations.

VII

Defendants and Plaintiff entered into a tolling agreement whereby the parties agreed that the statute of limitations set forth at § 6 of the Portal-to-Portal Act, 29 U.S.C. § 255, would be tolled in this matter beginning on the date the tolling agreement was signed. This tolling agreement was signed by both parties states that the statute of limitations will be tolled beginning on November 8, 2016.

VIII

WHEREFORE, cause having been shown, Plaintiff prays for Judgment:

A.   Pursuant to §17 of the Act, 29 U.S.C. § 217   permanently enjoining Defendants, their agents, servants, employees and all persons in active concert or participation with it from violating the provisions of §§ 6, 7, 11(c) and 15 of the Act;

B.   Pursuant to § 16(c) of the Act,  29 U.S.C. § 216 (c), awarding back wages for the period since January 1, 2015 and an additional equal amount as liquidated damages to

employees (as named in Appendix "A" attached hereto and made a part hereof and such other employees as hereafter may be identified and named prior to or at trial); and

   C. For such other and further relief as may be necessary and appropriate including costs of this action.

Dated:

ADDRESSES:

Office of the Solicitor
U. S. Department of Labor
61 Forsyth Street, S.W.
Room 7T10
Atlanta, GA  30303
(404) 302-5435
(404) 302-5438 (FAX)

**Office of the Solicitor
U.S. Department of Labor**

KATE S. O'SCANNLAIN
Solicitor of Labor

STANLEY E. KEEN
Regional Solicitor

ROBERT L. WALTER
Counsel

By:*/s/ Shelly C. Anand*
SHELLY C. ANAND
Trial Attorneys

**Attorneys for Plaintiff.**

SOL Case No. 18-00194